IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>MASK ENTERPRISES, LLC d/b/a NAKAMA )<br>JAPANESE STEAKHOUSE AND SUSHI BAR, )<br>)<br>        Defendant. ) | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race and retaliation and to provide appropriate relief to Tanesha L. Thomas, who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Ms. Thomas, a Server at Defendant's restaurant, was subjected to unwelcome racial harassment. The Commission alleges that although Ms. Thomas complained about the racially offensive conduct, Defendant failed to take effective remedial action.

The Commission further alleges that Defendant subjected Ms. Thomas to disparate treatment because of her race, when it failed to promote her to a Server Trainer position, for which she was fully qualified, while offering the position to less qualified individuals who are not in her protected category.

Finally, the Commission alleges that Defendant retaliated against Ms. Thomas because of

1

her protected activity after she complained of racial harassment when it failed to promote her to the Server Trainer position. As a result of the discrimination and retaliation, Ms. Thomas suffered severe emotional distress damages, and has incurred backpay losses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a..

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Mask Enterprise, Inc. (the "Employer"), has continuously been a Pennsylvania Corporation, headquartered 9672 Perry Highway, Pittsburgh, Pennsylvania with a retail location in the Southside neighborhood of Pittsburgh. It has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

2

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tanesha L. Thomas filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or after August, 2005, Defendant Employer has engaged in unlawful employment practices at its Nakoma Steakhouse and Sushi Bar located on Carson Street in the South Side neighborhood of the City of Pittsburgh, in violation of 703(a)(1) and 704(a) of Title VII, 42 U.S.C.§ 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

   a. Since 2003, Defendant Employer has owned and operated a Japanese steakhouse and sushi bar restaurant;

   b. Ms. Thomas commenced working as a server at the restaurant in October, 2003. She also worked as a Head Server.

   c. Commencing on or after August, 2005, and continuing until on or after June 12, 2006, Defendant tolerated and condoned a work environment at its workplace that was hostile to Ms. Thomas because of her race;

   d. The hostile work environment complained of consisted of, *inter alia*, (i) racially offensive comments made by a customer which Ms. Thomas reported to the general manager; to her knowledge, the general manager took no action to address the complaint; (ii) racially offensive comments made directly to Ms. Thomas by an Assistant Manager Andrew Merola, including referring to her as "you fucking nig," and "you fucking nigger." He made these comments on multiple occasions over several months of time, despite her explicit response that she found the language offensive and wanted him to stop; (iii) Merola drew a KKK Klansman's hood on Ms.

3

Thomas' Employee Report.

e. Employer's owner Robert Gomes was aware of and witnessed the racially offensive conduct of Assistant Manager Merola, but took no remedial action.

f. Subsequently, the Defendant Employer created two Server Trainer positions, which paid an hourly wage in excess of that made by Ms. Thomas as a Server. Despite her acknowledged qualifications for that position, Defendant Employer did not offer her the position. Rather, it selected less qualified non-black individuals for the positions.

g. Defendant failed to promote Ms. Thomas to a Server Trainer position despite her qualifications, in retaliation for her complaints of racial harassment.

8. The effect of the practices complained of in paragraph 7 (a) through (g) above has been to deprive Ms. Thomas of equal employment opportunities and otherwise adversely affected her status as an employee, because of her race, and because she engaged in protected activity.

9. The unlawful employment practices complained of in paragraphs 7 (a) through (g) above were intentional.

10. The unlawful employment practices complained of in paragraphs 7 (a) through (g) above were done with malice or with reckless indifference to the federally protected rights of Ms. Thomas.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the creation and/or maintenance of a hostile work environment on the basis of race, from making

employment decisions on the basis of race, and from retaliating against employees who complain of discrimination, and any other employment practice which discriminates on the basis of race.

B. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against employees on the basis of race and retaliation.

C. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for people of all races and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote manager and owner accountability imposing on all owners, managers and supervisory personnel a duty to actively ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisor to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Tanesha L. Thomas by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (g) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Employer to make whole Tanesha L. Thomas by providing

appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay and front pay.

  H. Order Defendant Employer to pay Tanesha L. Thomas punitive damages for its malicious and/or reckless conduct described in paragraphs 7 (a) through (g) above, in an amount to be determined at trial.

  I. Grant such further relief as this Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

> RONALD S. COOPER
> GENERAL COUNSEL
>
> JAMES L. LEE
> DEPUTY GENERAL COUNSEL
>
> GWENDOLYN YOUNG REAMS
> ASSOCIATE GENERAL COUNSEL
>
> *[signature]*
> JACQUELINE H. MCNAIR
> REGIONAL ATTORNEY
>
> *[signature]*
> JUDITH A. O'BOYLE
> SUPERVISORY TRIAL ATTORNEY
>
> *[signature]*
> M. JEAN CLICKNER
> SENIOR TRIAL ATTORNEY
> Pa. I.D. No. 42738
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> Pittsburgh Area Office
> Liberty Center, Suite 300
> 1001 Liberty Avenue
> Pittsburgh, PA 15222
> (412) 644-6439
> (412) 644-4935 (facsimile)
> jean.clickner@eeoc.gov

7