IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) MASK ENTERPRISES, LLC d/b/a/ ) NAKAMA STEAKHOUSE AND ) SUSHI BAR, ) ) Defendant. ) | Civil Action No. 07-359 |

## **ORDER ON MOTION TO COMPEL**

On this 29th day of October, 2007, this Court HEREBY ORDERS that Plaintiff's Motion to Compel ("Plaintiff's Motion") [DE 27] is DENIED WITHOUT PREJUDICE on both procedural and substantive grounds for the reasons set forth below.

**1.    Plaintiff's Motion is Untimely**

Plaintiff's Motion, which seeks to compel Defendant's federal tax returns as well as Defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), is denied because it is untimely. Pursuant to this Court's Case Management Order, discovery in this case closed on August 31, 2007. (Document 12). Neither party requested an extension of this deadline as required to enlarge the period of time for discovery pursuant to this Court's Practices and Procedures at Section III.B.1. Even so, Plaintiff's Motion was filed with this Court on October 17, 2007, six weeks after the close of discovery in this case. Further, Plaintiff was aware of the need to compel this information and seek a deposition pursuant to Rule 30(b)(6) on or around June 4, 2007, when Defendant served on Plaintiff its Responses to Plaintiff's First Request for Production of Documents objecting to the production of tax returns for the fiscal years 2005 and 2006. (Document No. 29 at

Exhibit A). Indeed, Plaintiff's Motion concedes that the evidence in support of its claim for liability for punitive damages, and thus, the need for Defendant's tax returns and deposition pursuant to Rule 30(b)(6), became known to Plaintiff during the 13 depositions taken between June and August 28, 2007. (Document No. 27 at p. 2). Therefore, at the very least, after the conclusion of these depositions (three days prior to the discovery deadline in this case), Plaintiff should have requested an extension of the discovery deadline to allow for time to assess the need to file a motion to compel. Plaintiff, however, failed to do so, and instead, as set forth above, waited for six weeks to move to compel such information.

Moreover, Plaintiff missed several opportunities to raise this issue before the Court. This Court conducted a post discovery status conference with the parties shortly after the close of discovery, on September 5, 2007 during which the parties represented to the Court that discovery was complete with the exception of the production of Plaintiff's tax returns to Defendant. (Document No. 25). Plaintiff did not, at that time, request the need for additional discovery. In addition, the Court conducted a settlement conference on October 3, 2007 (more than a month after the close of discovery), during which Plaintiff represented only that it may need discovery concerning Defendant's ability to pay a monetary award but did not specify the nature or extent of such discovery or the need to reopen discovery in this case. (Document No. 26). Further, Plaintiff did not file its motion until two weeks after the settlement conference. Such delay is inexcusable and Plaintiff has not proffered an explanation as to why the delay occurred.

Accordingly, as Plaintiff's Motion was filed well outside of the time period for discovery set forth in the Case Management Order and Plaintiff failed to request additional time for discovery from this Court, Plaintiff's Motion is DENIED WITHOUT PREJUDICE.

## 2. Record Evidence Does Not Rise to the Level of That Required to Award Punitive Damages.

Plaintiff argues that its Motion should be granted because Defendant's financial status, which Plaintiff intends to ascertain by viewing Defendant's federal tax returns and taking Defendant's deposition pursuant to Rule 30(b)(6), is relevant to Defendant's liability for punitive damages. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269 (1981); *Acosta v. Honda Motor Co.*, 717 F.2d 828, 839 (3d. Cir. 1983). This Court DENIES Plaintiff's Motion, however, because Plaintiff fails to proffer sufficient record evidence to show that a finding of liability for punitive damages is proper.

The standard for establishing liability for punitive damages in a Title VII action is higher than that required to establish liability for compensatory damages and is intended to allow for punitive damages only in a small number of cases involving intentional discrimination. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999). In order to recover punitive damages in a Title VII case, a plaintiff must show that the defendant "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Indeed, a "positive element of conscious wrongdoing is always required" in order for a plaintiff to prove liability for punitive damages. *Kolstad*, 527 U.S. at 538 (quoting C. McCormick, Law of Damages 280 (1935)). An employer may be liable for the discriminatory acts of an employee if the employee served in a "managerial capacity" and committed the discriminatory acts while "acting in the scope of his employment." *Id.* at 542. An employer is not liable for the discriminatory employment decisions of managerial agents when such decisions are "contrary to the employer's 'good faith efforts to comply with Title VII.'" *Id.* at 545.

Plaintiff argues that it acquired through discovery sufficient facts to establish the malice or reckless indifference required to prove Defendant's liability for punitive damages.  In support thereof, Plaintiff cites to  the deposition testimony of Bob Gomes, owner of Nakama and Andy Merola and Sonhee Ponebsheck, both employees of Nakama. (Document No. 27 at pp. 2-3).  In his deposition, Andy Merola testified that he used the term "fucking nig" when speaking to Taneesha Thomas, but that he did so in jest. (Document No. 29 at p. 6 of 25).  Mr. Merola also testified that Ms. Thomas referred to him in jest as "cracker."  *Id*.  Mr. Gomes testified that he heard Mr. Merola and used the term "nig" in jest when speaking with Ms. Thomas, and that Ms. Thomas referred to Mr. Merola as a "cracker," also in jest.  *Id.* at p. 14 of 25.  In addition, upon hearing this conversation, Mr. Gomes told Mr. Merola that he didn't "want to hear [Merola use the word 'nig'] again."  *Id* at p. 15 of 25.  Ms. Ponebsheck also testified that such comments were made in jest between Defendant's employees.  *Id.* at 19-20 of 25.

Finally, Plaintiff argues that evidence that Mr. Merola drew a picture of a KKK hood and showed the drawing to Mr. Gomes, who laughed in response, is sufficient to demonstrate Defendant's malice or reckless indifference. (Document No. 27 at p. 3).  The nature of this drawing and whether Mr. Gomes and Mr. Merola knew of this drawing prior to this litigation are in dispute.  (Document No. 30 at p. 5).  In fact, both Mr. Merola and Mr. Gomes testified that they did not have any knowledge of the drawing outside of this litigation. (Document No. 30-3 at pp. 6-7 of 8; Document No. 30-4 at p. 3 of 3).  While this Court does not opine as to whether the conduct proffered in Plaintiff's Motion is appropriate for the workplace, the deposition testimony cited by Plaintiff and the much disputed allegation regarding the drawing alone are not sufficient to show malice or reckless indifference to Plaintiff's federally protected rights.  Therefore, Plaintiff has failed

4

to meet its burden in establishing Defendant's liability for punitive damages. Accordingly, Plaintiff's Motion is DENIED WITHOUT PREJUDICE. Plaintiff may renew these requests at the end of Plaintiff's case on liability if the evidence so warrants.

### 3. Conclusion

Based on the foregoing, Plaintiff's Motion is DENIED WITHOUT PREJUDICE.

                                             s/Nora Barry Fischer
                                             Nora Barry Fischer
                                             United States District Judge

cc/ecf: All Counsel of Record